

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JERENE HAYWARD,  §<br>            Plaintiff,  §<br>  §<br>vs.  §   CIVIL ACTION 2:20-01056-MGL-MGB<br>  §<br>SOUTH CAROLINA DEPARTMENT OF  §<br>CORRECTIONS,  §<br>            Defendant.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, AS MODIFIED,
AND DISMISSING THE ACTION WITHOUT PREJUDICE**

Plaintiff Jerene Hayward (Hayward) is self represented. He filed his lawsuit in this Court against Defendant South Carolina Department of Corrections (SCDC).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Hayward's case be remanded to state court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 27, 2020, but Hayward failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Hayward, a state prisoner, seeks relief under the South Carolina Tort Claims Act. He claims SCDC was negligent in failing to protect him from a series of violent attacks while he was incarcerated at several SCDC facilities.

In the Report, the Magistrate Judge correctly concludes the Court lacks jurisdiction over Hayward's claims inasmuch as they all arise under state law and there is no diversity of citizenship between the parties. From that, she suggests the case be remanded to state court.

But, "[w]hen it becomes clear a case originally filed in federal court does not belong [here,] . . . the appropriate remedy is to dismiss without prejudice. If, on the other hand, the case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court from whence it came." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

Hayward filed his lawsuit in this Court. It was not removed. But, it does not belong here. Therefore, in lieu of remanding the case, the Court will dismiss it without prejudice so Hayward can file it in state court, if he wishes to do so.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, as modified, and incorporates it herein. Therefore, it is the judgment of the Court Hayward's action is **DISMISSED WITHOUT PREJUDICE** so he can file it in state court, assuming he decides to do so.

**IT IS SO ORDERED**.

Signed this 19th day of November, 2020, in Columbia, South Carolina.

                                                        s/ Mary Geiger Lewis  
                                                        MARY GEIGER LEWIS  
                                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.